UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-23740-CIV-MARTINEZ

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

       Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A",

       Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, ECF No. 27.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants PEHMEA, YUENCH Online, XOOPIT, and Butterfly Island (collectively, "Defendants"),[2] based on alleged copyright infringement pursuant to 17 U.S.C. § 502, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

---

[1] The Honorable Jose E. Martinez referred Plaintiff's Motion for Preliminary Injunction to the undersigned. ECF No. 28.

[2] The Motion for Preliminary Injunction originally sought relief against the ten defendants referred to in the Complaint as the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A. *See* ECF No. 1; ECF No. 20. Schedule A can be found on the docket, including as an attachment to the Complaint. *See* ECF No. 20-1. However, six of the ten defendants (Useagrey, BessCops, SperLucky, MANGOUSTARD, ink2055, and weinuoerkeji) have since been dismissed. ECF No. 40; *see also* ECF Nos. 24, 29, 30, 38. Accordingly, this Report and Recommendation addresses Plaintiff's requests for relief only as to Defendants PEHMEA, YUENCH Online, XOOPIT, and Butterfly Island (collectively, "Defendants"). A Revised Schedule A listing the Defendants who are the subject of this Report and Recommendation is attached hereto.

The Court held a hearing on February 17, 2026, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction, ECF No. 27, be **GRANTED**.

## I.  FACTUAL BACKGROUND

Plaintiff is the owner of copyright registrations issued by the United States Copyright Office for specific images related to Plaintiff's Rotita brand product line (the "Copyrighted Photographs"), which bear the following federal registration numbers: VA0002380492, VA0002413190, VA0002379930, VA0002413192, VA0002379934, and VA0002413200. ECF No. 10-5 at ¶¶ 4-5; ECF No. 20-2. Plaintiff uses the Copyrighted Photographs in connection with the promotion, marketing, and sale of Plaintiff's women's clothing and apparel products. ECF No. 10-5 at ¶¶ 5-9; *see also id* at ¶¶ 12-15. Plaintiff, the owner and lawful assignee of all right, title, and interest in the Copyrighted Photographs, has not licensed the Copyrighted Photographs to Defendants. *Id.* at ¶¶ 4, 10-11.

Defendants, operating under the seller names identified on Schedule A through online storefronts on the Amazon.com e-commerce platform,[3] have promoted, advertised, marketed, distributed, offered for sale, and sold competing products by using Plaintiff's Copyrighted Photographs on their online storefronts, identified on Schedule A. ECF No. 10-4 at ¶ 3; ECF No. 10-5 at ¶¶ 17-18. Specifically, Defendants sell competing products through the unauthorized use,

---

[3] The e-commerce store URL for each Defendant is listed on the Revised Schedule A, attached hereto, under the Link to Seller's Online Store heading. *See also, e.g.*, ECF No. 20-1.

employment, digital incorporation, or other online display of the Copyrighted Photographs on their online storefronts. ECF No. 10-1 at ¶¶ 10-11. On those storefronts, Defendants offer for sale and/or sell their competing products to consumers in Florida and throughout the United States. ECF No. 10-5 at ¶ 17; ECF No. 10-4 at ¶¶ 3-4; ECF No. 10-1 at ¶ 10. Defendants' unauthorized use of the Copyrighted Photographs has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales, including through the diversion of customers. ECF No. 10-5 at ¶¶ 22-23.

Plaintiff has submitted sufficient evidence showing that each Defendant has used, displayed, and/or digitally incorporated the Copyrighted Photographs into their online storefront(s) in connection with the sale of competing products. Specifically, Plaintiff has submitted screenshots of the Copyrighted Photographs and unauthorized reproductions or derivatives thereof that are displayed on each Defendants' storefronts, *see* ECF No. 20-3, as well as proof that Defendants accepted orders on storefronts displaying these images and shipped the corresponding products into the state of Florida, *see* ECF No. 10-4.

On August 19, 2025, Plaintiff filed a complaint against Defendants for copyright infringement (Count I) and for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Count II). *See* ECF No. 1; ECF No. 20. On September 5, 2025, Plaintiff filed a Renewed *Ex Parte* Motion for Temporary Restraining Order Including a Temporary Asset Restraint, ECF No. 10, and an *Ex Parte* Motion for Alternate Service of Process, ECF No. 11. On December 29, 2025, the Court entered an Order Granting Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, ECF No. 14, and an Order Authorizing Alternate Service of Process, ECF No. 15.

Pursuant to the December 29, 2025 Orders, Plaintiff served each Defendant, by e-mail and through Plaintiff's designated serving notice website, with a copy of the complaint, the Court's

Order Granting Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, and other filings in this matter. ECF No. 26. Plaintiff subsequently served each Defendant by e-mail with a copy of Plaintiff's Motion for Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. *See* ECF No. 34.

## II.     LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) actionable copying by the defendants. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III.     ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion support the following conclusions of law:

4

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that Plaintiff is the owner of valid copyrights for the Copyrighted Photographs, and that the Defendants advertise, promote, offer for sale, sell, and/or distribute products bearing or using unauthorized reproductions or derivatives of Plaintiff's Copyrighted photographs.

B. Because of the infringement upon the Copyrighted Photographs, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's complaint, the instant motion, and the declarations and exhibits accompanying Plaintiff's Renewed *Ex Parte* Motion for Temporary Restraining Order Including a Temporary Asset Restraint, ECF No. 10, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own or control interactive e-commerce stores on Amazon.com operating under their respective seller names which advertise, promote, offer for sale, and sell products bearing and/or using the Copyrighted Photographs, in violation of Plaintiff's rights; and

   ii. There is good cause to believe that more counterfeit and infringing products will appear in the marketplace bearing and/or using the Copyrighted Photographs to sell those products; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit branded goods using the Copyrighted Photographs if a preliminary injunction is issued

is far outweighed by the potential harm to Plaintiff, its intellectual property rights, its reputation, and its goodwill if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect Plaintiff's copyright interests, to encourage respect for the law, and protect the public from being defrauded by the palming off, through the unauthorized use of Plaintiff's Copyrighted Photographs, of counterfeit products as Plaintiff's genuine and unique products.

E. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

F. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal copyright laws, Plaintiff has good reason to believe that Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction, ECF No. 27, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1) Each Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them shall be preliminarily enjoined and restrained from:

　　a. using or displaying Plaintiff's Copyrighted Photographs, in any medium, whether it be print, digital, or otherwise, in connection with the distribution,

  marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with Plaintiff's Copyrighted Photographs;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product of Plaintiff's or any other product produced by Plaintiff through the use or display of Plaintiff's Copyrighted Photographs;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale through the use or display of Plaintiff's Copyrighted Photographs.

(2) Defendants with notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other assets associated with Defendants' seller accounts until further ordered by this Court.

(3) The domain name registries for the Defendants' domain names ("Defendant Domain Names"), including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, Cloudfare Inc, Oracle Corp., Amazon Inc., Alibaba Group d/b/a/ Alibaba Cloud.com, Namesilo, LLC d/b/a

privacuguardian.org, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order of the Court.

(4) Within seven (7) calendar days of receipt of this Order, any associated third-party providers, including PayPal, Alipay, Ant Financial, Wish, Afterpay, Klarna, and Amazon Pay, shall, to the extent not already done, for any of Defendants or any of Defendants' online storefronts:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(5) Pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), to pay for any costs or damages to which any party may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(6) Any of the Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two-days' notice to Plaintiff or on shorter notice as set by this Court, as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules.

(7) Any third party impacted by this Order may move for appropriate relief.

(8) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(9) This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(10) This Preliminary Injunction shall apply to the Seller's Names identified in the Revised Schedule A attached hereto, associated e-commerce stores and websites, and any other seller identification names, domain names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of offering for sale, selling, or distributing products through the unauthorized use of Plaintiff's Copyrighted Photographs.

(11) This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

Plaintiff's counsel **SHALL SERVE** a copy of this Report and Recommendation on Defendants **by no later than February 19, 2026** and shall file proof of service thereof.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until February 23, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if

9

necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 18th day of February 2026.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
        Counsel of Record

## REVISED SCHEDULE A

| NO. | SELLER'S NAME | LINK TO SELLER'S ONLINE STORE |
|---|---|---|
|  | VA0002380492; VA0002379930, VA0002379934, VA0002413190, VA0002413192, VA0002413200 | |
| 2 | PEHMEA | https://www.amazon.com/sp?ie=UTF8&seller=A2CB96A8THXVUR&asin=B0B4WFLBW2&ref_=dp_merchant_link&isAmazonFulfilled=1 |
| 3 | YUENCH Online | https://www.amazon.com/gp/help/seller/at-a-glance.html/ref=dp_merchant_link?ie=UTF8&seller=A36FBKRK2QWVKJ&asin=B0CPD8NTHL&ref_=dp_merchant_link |
| 5 | XOOPIT | https://www.amazon.com/gp/help/seller/at-a-glance.html/ref=dp_merchant_link?ie=UTF8&seller=A36PEAQ9B6LCI4&asin=B0CKTNBV5P&ref_=dp_merchant_link |
| 7 | Butterfly Island | https://www.amazon.com/sp?ie=UTF8&seller=A7KKYW5M JMVM9&asin=B0D921WHKG&ref_=dp_merchant_link |